IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ PADILLA-GALARZA,

   Petitioner,

     v.

UNITED STATES OF AMERICA,

   Respondent.

CIVIL NO.: 22-1259 (ADC)
Related to: Cr. 15-79 (ADC)

**REPORT AND RECOMMENDATION**

Pending before the Court is a motion filed pursuant to 28 U.S.C. § 2255 ("Section 2255") by petitioner José Padilla-Galarza ("Petitioner") to vacate a judgment of conviction entered against him by this Court and affirmed by the First Circuit Court of Appeals. Criminal ECF No. 467.[1] The United States argues that the motion should be dismissed as untimely. Civil ECF No. 23. Petitioner responds asserting that equitable tolling should be applied. Civil ECF No. 30. The Section 2255 motion was referred to the undersigned for report and recommendation. Civil ECF No. 39. For the following reasons, it is recommended that Petitioner's Section 2255 motion be DENIED on untimeliness grounds.

After a jury trial, Petitioner was found guilty of five charges: conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); and the use, carry and brandishing of firearms during and in relation to a crime of violence in violation to 18 U.S.C. §

---

[1] The Section 2255 motion is ECF No. 1 in the civil case (Civil Case No. 22-1259) and is ECF No. 467 in the related case (Criminal Case No. 15-79). From this point forward, the civil case will be cited as "Civil ECF No." and the related case will be cited as "Criminal ECF No."

924(c)(1)(A)(ii). Criminal ECF No. 286. Judgment was entered on October 15, 2018. Criminal ECF No. 358. On October 19, 2018, Petitioner filed his notice of appeal. Criminal ECF No. 361. On March 5, 2021, the First Circuit Court of Appeals affirmed the judgment of the district court. Criminal ECF No. 420.

A one-year statute of limitations applies to the filing of Petitioner's Section 2255 motion, which began to run on the date his judgment of conviction became final. *See* 28 U.S.C. § 2255(f). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Ramos-Martinez v. United States*, 683 F.3d 315, 320-21 (1st Cir. 2011) (citation omitted). "In a federal criminal case, a petition for a writ of certiorari must be filed within 90 days of entry of the judgment by a court of appeals." *Id*. (*citing* Sup. Ct. R. 13(1)). *See also Clay v. United States*, 537 U.S. 522, 526-531 (2003) (holding that the one-year limitation period to file a Section 2255 motion begins when the time for filing a petition for certiorari contesting the appellate court's affirmation of the conviction expires). Petitioner did not petition for a writ of certiorari; however, any such petition had to be filed by June 3, 2021, which is 90 days from the First Circuit Court of Appeals' entry of judgment on March 5, 2021. Criminal ECF No. 420. Thus, Petitioner had one year from June 3, 2021 to file his Section 2255 motion. Consequently, Petitioner was required to file his motion by June 3, 2022. *See* 28 U.S.C. § 2255(f).

Petitioner filed his motion to vacate, set aside or correct sentence on June 4, 2022, one day late.[2] Civil ECF No. 1; Criminal ECF No. 467. Petitioner admits as much, but argues that equitable tolling is appropriate. Civil ECF No. 30 at 1-2 (citing *Holland v. U.S.*, 560 U.S. 631, 645 (2010)).

---

[2] While Civil ECF No. 1 was filed on June 13, 2022, the relevant date here is June 4, 2022, when Petitioner filed the Section 2255 motion in the related case. Criminal ECF No. 467. Petitioner also signed and dated the Section 2255 motion June 4, 2022. Criminal ECF No. 467 at 16.

2

"Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, [as] statutes of limitations protect important social interests." *U.S. v. Marcello*, 212 F.3d 1005 (7th Cir. 2000) (dismissing a federal habeas petition that was submitted one day late, noting that a "missed" deadline is "not grounds for equitable tolling.") (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir. 1990)). *See also Hartz v. United States*, 419 Fed.Appx. 782, 783 (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day."). "Accordingly, we do not look to the length of the delay, but to the reasons for delay in determining whether equitable tolling is appropriate." *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 264–65 (5th Cir. 2002).

      Here, the Petitioner did not carry his burden to demonstrate why the circumstances of his case justify equitable tolling of the limitations period. *Dixon v. United States*, 729 Fed.Appx. 16 (1st Cir. 2018) (addressing an equitable tolling argument with respect to a motion that was filed one day late, holding that the petitioner did not carry his burden to demonstrate why the circumstances of his case justify equitable tolling of the limitations period). Among the arguments why Petitioner is entitled to equitable tolling, Petitioner asserts that counsel was not appointed to represent Petitioner until four months after judgment had been entered, that counsel was dealing with personal circumstances, that counsel was preparing for and busy with trials and appellate briefs in other cases, and lastly, that counsel was out of the jurisdiction from December 2021 to January 2022, and upon his return, he tested positive to COVID-19 and had to remain at home. Civil ECF No. 30 at 3-4; Civil ECF No. 32. However, Petitioner articulated many of these same reasons in a motion for extension of time filed on June 2, 2022, one day before the Section 2255

motion deadline.[3] Criminal ECF No. 465. Said motion for extension of time was denied. Criminal ECF No. 466. In denying Petitioner's motion for extension of time, the Court already assessed whether these reasons required equitable tolling, finding that:

> Cases arising under 28 U.S.C. § 2255 have a one-year statute of limitations, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). "The one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases." *Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004). However, the equitable tolling doctrine "is not available to rescue a litigant from his own lack of due diligence." *Id*. "As a result, equitable tolling 'is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances.'" *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007) (quoting *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir.2002)). For instance, the First Circuit has held that mistake by counsel in reading AEDPA or computing the time limit is at most a routine error, and does not constitute an extraordinary circumstance warranting equitable tolling. *See David v. Hall*, 318 F.3d 343, 346 (1st Cir.2003). Additionally, "garden-variety" attorney negligence, even if excusable, is not grounds for equitable tolling. *See Irwin v. Dep't of Veterans' Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Therefore, counsel's argument of lack of time to comply with the filing will not suffice. Counsel was appointed to represent Padilla-Galarza in a 2255 petition since 10/01/2021. Per his own motion, counsel recognizes that upon appointment he had a period of two (2) months to prepare the 2255 motion. And upon the continuance of the trial of Padilla-Galarza in criminal case no. 15-633 (SCC) from December 2021 until April 2022, he had more than ample time to comply with the statute of limitations provided for filing a 2255 Petition. Therefore, the request for extension is hereby DENIED.

*Id*. As the Court already eloquently articulated, Petitioner's reasons are not grounds for equitable tolling. "[H]aving too many cases to handle is not an excuse to fail to comply with this Court's

---

[3] The two arguments not included in Petitioner's motion for extension of time that Petitioner now argues should be taken into consideration are: the fact that counsel was appointed four months after the entry of judgment, and personal circumstances disclosed in an *ex parte* motion. *See* Civil ECF No. 30 at 2; Civil ECF No. 32.

orders. The Court has consistently refused to accept such excuses." *González Meléndez v. Kmart Corp.*, 2005 WL 1847008 (D.P.R. July 29, 2005) (citing *Méndez v. Banco Popular de P.R.,* 900 F.2d 4,8 (1st Cir.1990); *Pinero Schroeder v. FNMA,* 574 F.2d 1117, 1118 (1st Cir.1978)). "The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order." *Chamorro v. Puerto Rican Cars INC,* 304, F.3d 1, 5 (1st Cir.2002). Moreover, Petitioner cannot assume that because he timely asked for an extension that it will be granted. A petitioner who chooses to ignore deadlines "does so at his own peril." *Rafael Refojos & Assocs. Inc. v. Ideal Automotive and Truck Assessories, Inc.*, 2006 WL 695806 at *3 (D.P.R. March 15, 2006).

The additional reasons provided by Petitioner similarly do not warrant equitable tolling. First, Petitioner argues that counsel was not appointed until four months after the judgment was entered by the Court of Appeals. Civil ECF No. 30 at 2. However, this is not an excuse. Counsel still had eight months to prepare the Section 2255 motion. Second, while the seriousness of the matter disclosed in Petitioner's *ex parte* motion (Civil ECF No. 32) is not in question, what is contained in that motion could have been mentioned and included as a reason supporting the extension sought on June 2, 2022 (Criminal ECF No. 465), yet it was not included. Moreover, the *ex parte* motion explicitly alludes to what happened in October-December of 2021, but does not discuss the first five months of 2022 in which the attorney could have been working on filing the Section 2255 motion. Therefore, for the aforementioned reasons, Petitioner's Section 2255 motion should be DENIED as time-barred.[4]

---

[4] Moreover, the Section 2255 motion filed on June 4, 2022 (which despite not being signed in the document by counsel was filed by Petitioner's counsel through CM/ECF) is essentially a template to assist *pro se* litigants rather than those represented by counsel. Criminal ECF No. 467. This Section 2255 contains conclusory allegations and sweeping statements without any specifics. It is not until July 21, 2022, significantly past the June 3, 2022 deadline, that Petitioner's counsel filed a "Partial Memorandum in Support of 2255 Petition" (Civil ECF No. 10) and yet even later in time, that is on September 30, 2022, that Petitioner's counsel filed a "Second Supplementary Motion in Support of 2255." Civil ECF No. 20. These supplemental motions cannot be said to be an elaboration on any argument made in the Section 2255 motion by Petitioner on June 4, 2022,  because that motion (Criminal ECF No. 467) is full of generalities and does not contain any specific facts. Accordingly, these two supplemental motions do not relate back

5

The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 25th day of August, 2025.

s/Marcos E. López  
U.S. Magistrate Judge

---

to the Section 2255 motion. *See Mayle v. Felix*, 545 U.S. 644, 646 (2005) (finding that relation back will be in order so long as the original and amended petitions state claims that are tied to a common core of operative facts). Even assuming *arguendo* that these two motions relate back in time to the filing made by Petitioner on June 4, 2022, the Section 2255 petition is still late. Moreover, if the purpose of filing the *pro se* template was simply to meet the statute of limitations, nothing precluded Petitioner from filing it much earlier.