# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSÉ PADILLA-GALARZA,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 22-1259 (ADC)**<br>**[Related to Crim. No. 15-079 (ADC)]** |

## MEMORANDUM AND ORDER

Pending before the Court is Magistrate Judge Marcos E. López's Report and Recommendation ("R&R") at **ECF No. 41**, recommending that the Court deny petitioner José Padilla-Galarza's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on June 4, 2022. **ECF No. 1**.[1] Petitioner filed objections to the R&R. **ECF No. 42**. The United States of America ("government") responded to the objections. **ECF No. 45**. The question before the Court is whether equitable tolling should be applied to excuse petitioner's late filing of his original Section 2255 motion.

**A. The Relevant Facts.**

The elemental facts are not in dispute. Petitioner's conviction in *United States v. Padilla-Galarza*, Case No. 15-cr-00079 (D.P.R.), became final on June 3, 2022, upon the expiration of his

---

[1] This case and the related criminal case were originally before the now retired Hon. Judge Daniel R. Domínguez, who made several rulings on petitioner's original Section 2255 motion. The case was reassigned to the undersigned Judge on December 29, 2024, and was promptly referred to Magistrate Judge López for a report and recommendation. *See* **ECF Nos. 38, 39**.

90-day term to appeal the First Circuit's judgment affirming his sentence to the Supreme Court. However, petitioner did not file his section 2255 motion until June 4, 2022, missing the one-year deadline by one day. 28 U.S.C. § 2255(f)(1).[2] Petitioner, however, argued to the Magistrate Judge, and now to this Court, that equitable tolling should excuse his omission.

### B. The Report and Recommendation

The Magistrate Judge recommends that the Court deny petitioner's request. In his R&R, the Magistrate Judge explains that counsel for petitioner, who had been appointed to represent him first in his appeal and later pursuant to petitioner's request (*see* **Crim. No. 15-cr-079**, at ECF Nos. 424, 425, 426), had failed to demonstrate why tolling is warranted. The R&R highlights that counsel had already put before the Court many of the same arguments for tolling that he does now when he requested an extension of time to file the Section 2255 motion. R&R, **ECF No. 41** at 3-4. This request was made on June 2, 2022, just one day prior to the deadline's expiration. *See* **Crim. No. 15-cr-079**, at ECF No. 465. The Court rejected petitioner's arguments in a detailed Order, which bears repetition here:

> Cases arising under 28 U.S.C. § 2255 have a one-year statute of limitations, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have

---

[2] Petitioner, through previously appointed counsel, filed two supplemental motions on July 21 and September 30, 2022. **ECF Nos. 10, 20**.

> been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). "The one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases." *Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004). However, the equitable tolling doctrine "is not available to rescue a litigant from his own lack of due diligence." *Id.* "As a result, equitable tolling 'is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances.'" *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007) (quoting *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir.2002)). For instance, the First Circuit has held that mistake by counsel in reading AEDPA or computing the time limit is at most a routine error, and does not constitute an extraordinary circumstance warranting equitable tolling. *See David v. Hall*, 318 F.3d 343, 346 (1st Cir.2003). Additionally, "garden-variety" attorney negligence, even if excusable, is not grounds for equitable tolling. *See Irwin v. Dep't of Veterans' Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Therefore, counsel's argument of lack of time to comply with the filing will not suffice. Counsel was appointed to represent Padilla-Galarza in a 2255 petition since 10/01/2021. Per his own motion, counsel recognizes that upon appointment he had a period of two (2) months to prepare the 2255 motion. And upon the continuance of the trial of Padilla-Galarza in criminal case no. 15-633 (SCC) from December 2021 until April 2022, he had more than ample time to comply with the statute of limitations provided for filing a 2255 Petition. Therefore, the request for extension is hereby DENIED.

**Crim. No. 15-cr-079**, at ECF No. 466. The Magistrate Judge essentially agreed with the Court's prior assessment of petitioner's circumstances. *See* R&R, **ECF No. 41** at 4 ("As the Court already eloquently articulated, Petitioner's reasons are not grounds for equitable tolling.").

As to petitioner's additional reasons for tolling, these were that (1) counsel was not appointed until four months after the judgment affirming his conviction became final; and (2) that a personal situation affecting counsel, which was submitted to the Court on an *ex parte* basis, impeded him from working on the petition from October to December 2021. *See* R&R, **ECF No. 41** at 5. The Magistrate Judge found that these were unpersuasive and, in any case, were not included in petitioner's last-minute request to extend the deadline to file his original Section

2255 petition. *Id.*, at 5. The Magistrate Judge concluded that petitioner had at least eight months after his appointment to work on the Section 2255 petition, and that, even excusing his personal situation, he could have worked on the petition during the first five months of 2022. *Id.*

### C. The Objections.

Petitioner filed three specific objections to the R&R. First, he rehashes the same arguments he raised before the Magistrate Judge in favor of applying equitable tolling. **ECF No. 42** at 3-12. Second, he argues that his attorney's failure to file on time constitutes much more than mere attorney negligence, amounting to ineffective assistance of counsel. *Id.*, at 12-18. Third, he boldly argues that his "discovery" of his attorney's failure to timely file his Section 2255 motion is an independent basis for a section 2255 motion and warrants tolling the limitations period on all of his claims. *Id.*, at 18-22.

None of these objections persuades the Court to reject the Magistrate Judge's recommendation that the petition be denied as untimely. The Court's denial of the June 2, 2022 motion for extension of time, essentially adopted by reference in the R&R, is reasoned and well-founded. Even with all the *contretemps* experienced by petitioner's counsel, there was more than enough time to put together an actionable Section 2255 petition, particularly when many of petitioner's ineffective assistance of counsel claims against his trial attorney had already been developed and raised in petitioner's appellate brief. *See* Appellant's Brief, *United States v. Padilla-Galarza*, Case No. 18-2078 (1st Cir. Sept. 27, 2019), at 54-81. That both petitioner and his attorney of record were actively litigating in a separate federal case against petitioner during the first

months of 2022, *see United States v. José Padilla-Galarza*, Case No. 15-cr-633 (SCC) (D.P.R.), or that his attorney had other cases and briefs to attend to (*see* **ECF No. 42** at 8), are not persuasive justifications to equitably toll the filing deadline. Finally, even if the Court were, *arguendo*, to entertain the claim that the denial of petitioner's request for extension of time to file a Section 2255 motion constituted a triggering event for a separate claim of ineffective assistance of counsel (it does not because "[a] convicted criminal has no constitutional right to counsel with respect to habeas proceedings," *Ellis v. United States*, 313 F.3d 636, 652 (1st Cir. 2002)), petitioner provides no specific support for his request that this also tolls the limitations period as to his other claims.

Accordingly, after a *de novo* review of the record, the Court **OVERRULES** petitioner's objections at **ECF No. 42**.

### D. No need for an evidentiary hearing.

"A district court may dismiss a [§] 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations [] consist of no more than conclusory prognostication and perfervid rhetoric." *Moreno-Espada v. United States*, 666 F.3d 60, 66 (1st Cir. 2012) (citations omitted). Pursuant to the preceding analysis, the Court will not hold an evidentiary hearing.

### E. Certificate of appealability.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the

applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court **DENIES** the COA because no such showing is present.

***

For the reasons stated in this Memorandum and Order, the Court **ADOPTS** the Magistrate Judge's R&R at **ECF No. 41**. Petitioner's motions at **ECF Nos. 1, 10** and **20** are **DENIED** as time barred. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of September, 2025.

                                                   **S/AIDA M. DELGADO-COLÓN**
                                                   **United States District Judge**